<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1952**
_____

YONG FENG ZHU; LING WENG,

              Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: February 10, 2011      Decided: March 18, 2011

_____

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New
Jersey, for Petitioners. Tony West, Assistant Attorney General,
Jennifer L. Lightbody, Senior Litigation Counsel, Rosanne M.
Perry, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yong Feng Zhu and Ling Weng, natives and citizens of the People's Republic of China, petition for review an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying their applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT").

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). An individual who has been forced to submit to an abortion or sterilization procedure is "deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well

2

founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42) (2006).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). Without regard to past persecution, an alien can establish a well-founded fear of persecution based on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial

3

evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). When both the Board and the immigration judge issue decisions in an immigration case, this court will review both decisions. Kourouma v. Holder, 588 F.3d 234, 239-40 (4th Cir. 2009).

An applicant's credible testimony "may be sufficient to sustain his burden of proof without corroboration." Marynenka v. Holder, 592 F.3d 594, 601 (4th Cir. 2010) (internal quotation marks omitted). "However, even for credible testimony, corroboration may be required when it is reasonable to expect such proof and there is no reasonable explanation for its absence." Chen Lin-Jian v. Gonzales, 489 F.3d 182, 191-92 (4th Cir. 2007).

"Regardless of [China's] policy generally prohibiting the birth of additional children following the birth of a son, to be eligible for [asylum] relief the respondent must also meet her burden of demonstrating a reasonable possibility that

4

Chinese Government officials would enforce the family planning policy against her through means constituting persecution." Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 211 (BIA 2010). The applicant must show that there is a government policy implicated by the births at issue, that the births in question are a violation of that policy and there is a reasonable possibility that government officials would enforce the policy against the petitioner through means constituting persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 142-43 (2d Cir. 2008).

We conclude that substantial evidence supports the Board's decision. There was no error with the Board's citations to Matter of H-L-H-, Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007) or Matter of T-Z-, 24 I. & N. Dec. 163 (BIA 2007). We further conclude substantial evidence supports the Board's finding that the Petitioners failed to show that economic sanctions may rise to the level of persecution. In addition, we conclude that the Board properly reviewed the evidence and did not fail to give consideration to any favorable evidence cited by the Petitioners in their administrative brief. See En Hui Huang v. Attorney Gen., 620 F.3d 372, 388 (3d Cir. 2010) ("While we are not suggesting that the [Board] must discuss every piece of evidence mentioned by an asylum applicant, it may not ignore evidence favorable to the alien, particularly when, as here, the

alien's administrative brief expressly calls the [Board's] attention to it."); <u>Wei Guang Wang v. BIA</u>, 437 F.3d 270, 275 (2d Cir. 2006) (The court rejected the idea that the Board "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."). We also conclude that the cases cited by the Petitioners for the proposition that similar petitions have been granted by other courts are clearly distinguishable.

Because we conclude that the evidence was not so compelling as to lead to the conclusion that no reasonable factfinder could fail to find the requisite fear of persecution, we deny the petition for review.<sup>*</sup> We dispense with oral because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

<sup>*</sup> The Petitioners do not challenge the denial of relief under the CAT. Accordingly, review is waived. <u>See</u> <u>Ngarurih v. Ashcroft</u>, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).